UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLAKE SMITH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TOLL BROTHERS REAL ESTATE, INC.,<br>a/k/a TOLL BROTHERS CITY LIVING,<br><br>　　　　Defendant. | Civil Action No. 17-cv-4897<br><br>**NOTICE OF REMOVAL** |

　　　　Defendant Toll Brothers Real Estate, Inc. ("Defendant"), files this notice, pursuant to 28 U.S.C. §§ 1441 and 1446, to remove an action pending against it in the Supreme Court, Bronx County. In support of removal, Defendant states as follows:

　　　　1.　　On or about April 21, 2017, a complaint was filed against Defendant in the Supreme Court of New York, Bronx County, by plaintiff Blake Smith ("Plaintiff"). That action is docketed as Index No. 23203/2017E.

　　　　2.　　On May 31, 2017, the Complaint and a Summons were served on Defendant's registered agent. True copies of the Complaint and Summons served on Defendant are attached as Exhibit A.

　　　　3.　　On June 20, 2017, Defendant filed an Answer to the Complaint. A true copy of the Answer is attached as Exhibit B.

　　　　4.　　Exhibits A and B include copies of all process, pleadings, and orders served upon Defendant in this action.

5. This notice of removal is timely. It is being filed within 30 days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

6. The action in State Court is one over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a). It is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1441(b) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because the action is one between citizens of different states. See 28 U.S.C. § 1332(a)(1).

7. Plaintiff is a citizen of the State of New York.

8. Toll Brothers Real Estate Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania and is a citizen of Pennsylvania for purposes of diversity jurisdiction.

9. Defendant believes that Plaintiff intended to name a different entity, Toll Bros., Inc., which uses the name "Toll Brothers City Living" to describe its urban development division. Toll Bros., Inc. is also a Pennsylvania corporation with its principal place of business in Pennsylvania and, therefore, a citizen of Pennsylvania for purposes of diversity jurisdiction. The Complaint alleges that Defendant is developing the real estate at 90 Furman Street in Brooklyn. The real property at 90 Furman Street is being developed by Toll Bros., Inc., not Toll Brothers Real Estate Inc. Even if the Complaint's reference to "Toll Brothers Real Estate Inc." is intended to refer to Toll Bros. Inc., complete diversity exists. Defendant is removing this case without waiving any defense that Plaintiff has used the wrong entity name. To the extent that Toll Bros. Inc.

may be considered a defendant in this case, Toll Bros. Inc. consents to and joins in this notice of removal.

10. The Complaint does not allege any specific amount in controversy. However, the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. The Complaint alleges that Defendant, through its foreman, engaged in employment discrimination by terminating Plaintiff's employment on the basis of his ethnicity, falsely accusing him of smoking marijuana at the worksite, and subjecting Plaintiff to a hostile work environment by making inappropriate and offensive remarks regarding the race and ethnicity of individuals working at the worksite, all in violation of N.Y. Executive Law §§ 296, et seq. ("the New York State Human Rights Law, "), and N.Y. City Administrative Code, §§ 801 et seq. ("the New York City Human Rights Law"). Exhibit A (Complaint), ¶¶ 5-6, 15-25. The Complaint also alleges that Defendant's foreman physically attacked Plaintiff, causing cuts to Plaintiff's face and painful swelling on Plaintiff's hand. Id., ¶ 26. The Complaint alleges that Plaintiff suffered "emotional distress, trauma, and great humiliation," id., ¶ 31, and "monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, id., ¶ 32. See also id., ¶¶ 35, 36. The Complaint also seeks damages for "physical and emotional injuries" and "severe and egregious physical injuries, required medical treatment, and . . . severe physical pain" resulting from the alleged physical assault by Defendant's foreman. Id., ¶¶ 38, 41. The Complaint's Prayer for Relief seeks damages including but not limited to "loss of past or future income, wages, compensation, seniority and other benefits of employment, which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction,"

damages for "severe mental anguish, depression, humiliation, embarrassment, and emotional distress," damages for "severe physical injuries," and reasonable attorneys' fees.

12. Compensatory damages for emotional distress arising from employment discrimination under the New York State Human Rights Law and the New York City Human Rights Law and similar employment laws can exceed $75,000. See, e.g., State Div. of Human Rights v. Steve's Pier One, Inc., 123 A.D.3d 728, 729, 998 N.Y.S.2d 206, 206 (2014) ($200,000 awarded under New York State Human Rights Law for emotional distress where plaintiff was subjected to a hostile work environment because of his sex and constructively discharged from his employment because of his sex); State Div. of Human Rights v. Koch, 60 A.D.3d 777, 777, 875 N.Y.S.2d 180, 181 (2009) ($75,000 awarded under New York State Human Rights Law for emotional distress resulting from sexual harassment and constructive discharge);   Petramale v. Local No. 17 of Laborers' Int'l Union of N. Am., 847 F.2d 1009, 1013 (2d Cir. 1988), amended on reh'g in part, (2d Cir. June 17, 1988) ($100,000 for emotional distress for retaliatory union discipline in violation of Labor Management Disclosure and Reporting Act); Tusino v. Int'l Bhd. of Teamsters, 169 F. App'x 39, 43 (2d Cir. 2006) (same); Moskowitz v Coscette, 3 F. App'x 1, 3 (2d Cir. 2001) ($125,000 awarded in compensatory damages for emotional distress due to failure to promote and reduction of duties, constituting discrimination based on military status, in violation of 42 U.S.C. § 1983 and 38 U.S.C. § 4311).

13. In addition to damages, Plaintiff is also claiming attorneys' fees pursuant to the New York City Human Rights Law, N.Y. City Administrative Code, § 8-502(g), which are to be included in the amount in controversy in addition to compensatory

damages. Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) (attorney's fees are "necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]"); DeLorenzo v. Fed. Deposit Ins. Corp., 259 F. Supp. 193, 195 n. 2 (S.D.N.Y. 1966) (same), opinion adhered to on reargument, 268 F. Supp. 378 (S.D.N.Y. 1967).  Attorneys' fees in cases under these statutes can also exceed $75,000. See, e.g., Hernandez v. Kaisman, 139 A.D.3d 406, 406, 30 N.Y.S.3d 99, 100 (First Dept. 2016); Echevarria v. Insight Med., P.C., 102 F. Supp. 3d 511, 522 (S.D.N.Y. 2015).

14. Thus, the amount in controversy on Plaintiff's claims for compensatory damages, including emotional distress damages, plus attorneys' fees, exceeds the sum or value of $75,000, exclusive of interest and costs.

15. The United States District Court for the Southern District of New York is the federal court for the district and division embracing Bronx County, New York.  28 U.S.C. § 110.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the notice of Removal will be filed in the Supreme Court, Bronx County.

WHEREFORE, Defendant respectfully requests that this action be removed from the Supreme Court of New York, Bronx County, to the United States District Court for the Southern District of New York.

Dated: June 28, 2017

                                        **McCARTER & ENGLISH, LLP**

                                        By: ___*/s/ Sami Asaad*___
                                              Sami Asaad, Esq.
                                              CityPlace I
                                              185 Asylum Street
                                              Hartford, CT 06103
                                              T: (860) 275-6700
                                              F: (860) 724-3397
                                              sasaad@mccarter.com
                                              *Attorneys for Toll Brothers Real Estate, Inc.*

## CERTIFICATE OF SERVICE

Sami Asaad, of full age, hereby certifies as follows:

Today I caused a true and correct copy of the foregoing Notice of Removal to be sent by first class mail to counsel for the plaintiff:

>Marc A. Rapaport, Esq.
>One Penn Plaza, Suite 2430
>New York, New York 10119

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  June 28, 2017

By: _/s/ Sami Asaad_
Sami Asaad

ME1 25086700v.1